UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MARK E. CLEVELAND,                    )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )      No. 3:24-CV-161-KAC-DCP
                                      )
UNITED CLEANUP OAK RIDGE, LLC,        )
                                      )
        Defendant.                    )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Motion to Strike filed by Defendant, United Cleanup Oak Ridge, LLC ("UCOR" or "Defendant") [Doc. 11]. Plaintiff Mark E. Cleveland responded in opposition to the motion [Doc. 19], and Defendant replied [Doc. 20]. The motion is now ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, the Court **DENIES** the motion **[Doc. 11].**

## I.    GENERAL BACKGROUND[1]

Plaintiff alleges that he was fired from his position as a Waste Operations Project Manager for Defendant on account of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 21, *et seq.* and the Tennessee Human Rights Act ("THRA"), Tenn. Code. Ann. § 4-21-201, *et seq.* [Doc. 1 ¶ 127]. Plaintiff asserts that Defendant's stated reason for firing him—that he was insubordinate for transferring an employee, Patricia Sexton ("Ms. Sexton"),

---

[1]    The Court will only summarize the portions of the Complaint that are pertinent to the instant Motion to Strike.

from one department back to his department [*id.*]—is pretextual [*id.* ¶ 91]. For context, Plaintiff states that Ms. Sexton had worked for Defendant or its predecessors since 1995 [*Id.* ¶ 38; Doc. 13 ¶ 38], mowing the grass at the Oak Ridge Reservation Landfill Facility ("ORRLF") for approximately fifteen years [Doc. 1 ¶ 40; Doc. 13 ¶ 40], and was working for Plaintiff at the ORRLF site until she was transferred to the other UCOR facility, the radiological Environmental Management Waste Management Facility ("EMWMF"),[2] on or about November 28, 2022 [Doc. 1 ¶ 34; Doc. 13 ¶ 34]. Plaintiff asserts that he was told Ms. Sexton was transferred due to mowing season being over and an increased need at the landfills at EMWMF [Doc. 1 ¶ 41]. However, Defendant clarifies in its Answer "that the decision to reassign Ms. Sexton to the EMWMF was based on then existing operational circumstances and labor needs" [Doc. 13 ¶ 41]. Effective March 20, 2023, Plaintiff transferred Ms. Sexton back to her previous position at ORRLF [Doc. 1 ¶ 56; Doc. 13 ¶ 56], based on "his understanding [that] the transfer was temporary and mowing season was getting ready to begin" [Doc. 1 ¶ 56]. At the time Plaintiff transferred Ms. Sexton back to ORRLF, she had filed two different Unfair Labor Practice charges against Defendant [*Id.* ¶ 61; Doc. 13 ¶ 61].

On April 3, 2023, Plaintiff was placed on administrative leave and then fired on April 6, 2023 [Doc. 1 ¶¶ 88–89; Doc. 13 ¶¶ 88–89].[3] Plaintiff maintains that he "was terminated because he transferred Ms. Sexton back to ORRLF" [Doc. 1 ¶ 91]. However, he claims this reason is pretextual and that the real reason was due to his age [*Id.*].

---

[2]     Plaintiff explains, and Defendant admits, that there are two main landfill sites located within the Oak Ridge Reservation in which UCOR works to decommission and demolish former nuclear facilities [Doc. 1 ¶ 8; Doc. 13 ¶ 8]—the Oak Ridge Reservation Landfill Facility and the radiological Environmental Management Waste Management Facility [Doc. 1 ¶ 27; Doc. 13 ¶ 27].

[3]     Defendant denies the allegations in paragraph 89 that Plaintiff was fired on April 6, 2024, "for a trumped-up reason" [Doc. 13 ¶ 89].

## II.    POSITIONS OF THE PARTIES

Defendant requests that the Court strike paragraphs 79 and 80 from Plaintiff's Complaint [Doc. 1], because they contain information regarding an employment decision pertaining to Ms. Sexton, after Plaintiff had been terminated [Doc. 11]. The paragraphs provide as follows:

> 79.    However, Defendant immediately took steps to transfer Patricia Sexton back to EMWMF effective April 17, 2023.

> 80.    The next day, April 18, 2023, Defendant's Labor Relations employees, Len Morgan and Isaac De Los Santos, among others, suspended Patricia Sexton for allegedly trying to organize a labor strike on behalf of the union, and, thereafter, Sexton was terminated.

[Doc. 1 ¶¶ 79–80].

Defendant argues that the information in these paragraphs is not relevant to Plaintiff's allegation of wrongful termination under the ADEA and THRA [Doc. 12 p. 4]. While Defendant acknowledges that Ms. Sexton's initial transfers are relevant to Plaintiff's claim that he was wrongfully terminated for transferring her back to ORRLF, "any subsequent conduct regarding Ms. Sexton (after Plaintiff's termination) is immaterial and impertinent to Plaintiff's claims" [*Id.*]. Without these paragraphs, Defendant contends there remains enough information in the Complaint regarding Ms. Sexton's employment and transfer to provide context for Plaintiff's claim [*Id.*]. Further, Defendant argues that Plaintiff has not alleged retaliation or a hostile work environment, and that the relevant paragraphs are unnecessary because they "cannot establish an element of Plaintiff's wrongful termination claim, as they relate to conduct after his termination involving another employee" [*Id.* at 4–5].

Plaintiff responds that Defendant admitted the first two transfers of Ms. Sexton were relevant to Plaintiff's claim and asserts that paragraphs 79 and 80 "are not 'impertinent and immaterial,' but are highly relevant to the legitimacy of Defendant's asserted reason for Plaintiff's termination, and on the issue of whether the stated reason is pretext" [Doc. 19 pp. 1–2 (footnote

omitted)].  Unlike the case law cited by Defendant, Plaintiff asserts, paragraphs 79 and 80 relate to his legal argument, do not rise to the level of prejudice nor cast aspersions of Defendant's character, and detail events that occurred just days after Plaintiff was terminated [*Id.* at 9–12 (citations omitted)].  Finally, with respect to Defendant's stated reasons for firing Plaintiff, he argues that "[i]t defies logic for Defendant to justify Plaintiff's termination due to him transferring Ms. Sexton when Defendant already had plans of its own to nevertheless fire Ms. Sexton" [*Id.* at 11].[4]

Defendant replies that Plaintiff overlooks the fact that paragraphs 79 and 80 pertain to events that occurred after he was terminated and to another employee whose termination did not relate to her age nor to Plaintiff [Doc. 20 pp. 1–2].  Instead, it asserts that Ms. Sexton was "terminat[ed] for attempting to organize a labor strike [which] is not relevant to Plaintiff's potential pretext argument" and that to hold otherwise would result in a mini trial related to Ms. Sexton's termination [*Id.* at 2].  While Defendant has admitted that the first two transfers of Ms. Sexton are relevant, it argues that this does not open the door for all conduct occurring after Plaintiff was terminated to be included in the Complaint [*Id.* at 2–3].  Further, Defendant argues that "Plaintiff was terminated for insubordination with respect to his decision to wrongfully reassign Ms. Sexton," but that does not make all circumstances surrounding Ms. Sexton's employment relevant [*Id.* at 4].  Finally, Defendant argues that it is prejudiced by the relevant paragraphs because they will "confuse the issues, or by its length and complexity, place an undue burden on the [defendant]," namely that it will be forced to defend these allegations specifically related to Ms. Sexton [*Id.* at 5–6].

---

[4]    Defendant notes that this language does not appear in the Complaint [Doc. 20 p. 3].

### III. ANALYSIS

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are viewed with disfavor and are not frequently granted. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). When a party seeks to use Rule 12(f) to strike factual allegations from a pleading, he must show that they have "no possible relation to the controversy." *Parlak v. U.S. Immigr. & Customs Enf't*, No. 05–2003, 2006 WL 3634385, at *1 (6th Cir. April 27, 2006) (internal quotation marks omitted) (quoting *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822). In other words, courts should grant motions to strike only when "the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *EEOC v. FPM Grp., Ltd.*, 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 p. 650 (2d ed. 1990)). "Striking a pleading is considered 'a drastic remedy to be resorted to only when required for the purposes of justice' and it 'should be sparingly used by the courts.'" *Id.* (quoting *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822).

Turning to the language at issue and with this guidance in mind, the Court finds Defendant's request to strike not well taken. The challenged language does not rise to the level of being redundant, immaterial, impertinent, or scandalous. Further, "[w]hen a party seeks to use [Rule 12(f)] to strike factual allegations from a pleading, he must show that they have 'no possible relation to the controversy.'" *Starnes Fam. Off., LLC v. McCullar*, 765 F. Supp. 2d 1036, 1059 (W.D. Tenn. 2011) (quoting *Parlak*, 2006 WL 3634385, at *1). "Where the challenged allegations 'might serve to achieve a better understanding of the . . . claim for relief or perform some other

useful purpose in promoting the just and efficient disposition of litigation,' a motion to strike should be denied." *Id.* (citation omitted).

Here, Defendant has not met its burden of showing that the challenged language has "no possible relation to the controversy." *Parlak*, 2006 WL 3634385, at *1. Plaintiff's Complaint contains a number of paragraphs regarding Ms. Sexton's employment, which Defendant agrees is relevant to Plaintiff's claim. Now, Defendant seeks to strike two paragraphs also related to Ms. Sexton's employment, detailing events that occurred after Plaintiff was terminated. As Plaintiff asserts, his reasoning for transferring Ms. Sexton back to ORRLF and "Defendant's reasons for transferring Ms. Sexton back to EMWMF a few days after Plaintiff's termination and the circumstances existing at that time" are all potentially relevant in determining "whether Defendant's stated reason for Plaintiff's termination is pretext" [Doc. 19 pp. 7–8]. And, again, Defendant has not otherwise shown that the two paragraphs have no possible relation to the issues in this case. Finally, while Defendant argues that it is prejudiced by Plaintiff's allegations because it will be forced to defend these allegations specifically related to Ms. Sexton [Doc. 20 pp. 5–6], as previously noted, Ms. Sexton's employment is already a part of Plaintiff's claim. To the extent discovery later shows these allegations to be irrelevant or prejudicial, Defendant may file a motion in limine.[5] As Defendant has not proven that the relevant paragraphs have no possible relation to

---

[5]    The Court has reviewed and found that the cases cited by Defendant are inapposite [Doc. 12 p. 5; Doc 20 p. 6]. In *Jameson Land Company, LLC v. Mosaic Fertilizer, LLC*, the court granted the motion to strike as to "references to two unrelated lawsuits in the complaint" upon finding that the plaintiff was not a party to those lawsuits and they are immaterial to the case. No. 8:15-CV-00409-T-27, 2016 WL 7206122, at *3 (M.D. Fla. Feb. 5, 2016). As discussed above, Defendant has not shown that the relevant language is immaterial to the case. Similarly, this Court granted a motion to strike in *Shlosser v. University of Tennessee*, upon finding that the relevant language was "obviously false and clearly injurious to a party." No. 3:12-CV-534, 2014 WL 5325350, at *4 (E.D. Tenn. Oct. 20, 2014). Such is not the case here.

6

the controversy and motions to strike are disfavored, the Court finds that striking these paragraphs is not warranted.

**IV.      CONCLUSION**

Accordingly, for the reasons stated above, the Court **DENIES** the Motion to Strike [**Doc. 11**].

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge